1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

12    WALTER CRUZ-ZAVALA,                        Case No. 20-CV-02142-LHK

13                    Petitioner,                **ORDER GRANTING IN PART AND**
                                                 **DENYING IN PART PETITION FOR**
14          v.                                   **WRIT OF HABEAS CORPUS AND**
                                                 **DENYING AS MOOT MOTION FOR**
15    WILLIAM P. BARR, et al.,                   **TEMPORARY RESTRAINING ORDER**

16                    Respondents.               Re: Dkt. Nos. 1, 5

17

18          On March 29, 2020, Petitioner Walter Cruz-Zavala ("Petitioner") filed a petition for writ of

19   habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1 ("Pet.").  Petitioner is a native of El

20   Salvador who is currently in Immigration and Customs Enforcement ("ICE") custody. See Pet. ¶¶

21   1, 20.  Petitioner argues that his prolonged detention violates his procedural and substantive due

22   process rights.  Petitioner named as Respondents William P. Barr, Attorney General of the United

23   States; Chad Wolf, Acting Secretary of the United States Department of Homeland Security;

24   David Jennings, Field Office Director of ICE in San Francisco, California; and Nathan Allen,

25   Warden of the Mesa Verde Detention Facility (collectively, "Respondents").

26          Thereafter, on March 30, 2020, Petitioner filed a motion for a temporary restraining order

27                                              1

United States District Court
Northern District of California

1  ("TRO") seeking immediate release, or, alternatively, to "secure his immediate release pending a

2  constitutionally compliant bond hearing."[1]  Petitioner's TRO motion has been fully briefed.

3      Having considered the briefing and exhibits submitted by the parties, the Court GRANTS

4  in part and DENIES in part Petitioner's habeas petition and DENIES as moot Petitioner's motion

5  for a TRO.

6  **I.    BACKGROUND**

7      Petitioner is 29 years old and has been continuously residing in the United States for over

8  15 years.  Pet. ¶ 19.  Petitioner first entered the United States in December 2004 without being

9  lawfully admitted or paroled.  ECF No. 1-2, Ex. C ("May 2018 IJ Order") at 1.

10      When Petitioner was 17 years old, Petitioner joined the MS-13 gang.  ECF No. 1-2, Exh.

11  A, ¶ 7.  Shortly thereafter, Petitioner pled guilty to participation in a criminal street gang in

12  violation of California Penal Code § 186.22 and was sentenced to 45 days in jail.  ECF No. 1-2,

13  Exh. I at 6.  As a young adult, Petitioner was arrested and charged with federal racketeering and

14  conspiracy charges, for which he spent nearly 3 years in solitary confinement in federal custody

15  before he was ultimately acquitted of all charges.  *Id.*  During his time in federal custody,

16  Petitioner attacked a sheriff's deputy.  ECF No. 1-2, Exh. I at 8.  Petitioner was convicted of

17  driving under the influence ("DUI") five times between 2013 and 2015, three of which were

18  misdemeanor convictions and two of which were felony convictions.  *Id.* ¶ 21.  The last DUI

19  conviction resulted in physical injuries to Petitioner's brother who was a passenger in Petitioner's

20  vehicle.  ECF No. 1-2, Exh. A ¶ 4.  Petitioner was arrested in July 2017 and convicted of carrying

21  a concealed firearm, in violation of California Penal Code section 25400.  *Id.*

22      The Department of Homeland Security ("DHS") first initiated removal proceedings against

23  Petitioner via notice to appear in January 2005.  May 2018 IJ Order at 1.  The notice to appear

24  charged Petitioner with removability "as an alien present in the United States without being

[1] Following the parties' approach, the Court refers to these hearings as "bond hearings" throughout this Order.

Case No. 20-CV-02142-LHK
ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

admitted or paroled." *Id*. Petitioner admitted the factual allegations at a hearing on March 2, 2005 and conceded the charge of removability. *Id.* However, Petitioner subsequently applied for asylum and withholding of removal, as well as protection under the Convention Against Torture ("CAT"). *Id.* at 2. Years later, Petitioner also filed an application seeking suspension of deportation or special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act. *Id.*

While those applications remained pending, ICE again took Petitioner into custody in July 2017, following his arrest for carrying a concealed firearm. Pet. ¶¶ 21, 22. While in immigration detention, Petitioner participated in an attack on another detainee in 2017. ECF No. 9-1 ¶ 30. Subsequently, the Immigration Judge ("IJ") granted Petitioner's request for CAT relief but denied all of his other requests for relief. May 2018 IJ Order at 13. On May 24, 2018, the government appealed the IJ's grant of relief to the Board of Immigration Appeals ("BIA"). Pet. ¶ 26. In June 2019, the BIA dismissed Petitioner's appeal of the IJ's denial of relief but remanded for the IJ to clarify its grant of relief under the CAT. ECF No. 1-2, Ex. E ("BIA Remand Order"). On remand, the IJ clarified that Petitioner was ineligible for withholding of removal under the CAT because he had committed a "particularly serious crime." ECF No. 1-2, Ex. F ("Aug. 2019 IJ Order"). However, the IJ found that Petitioner was eligible for deferral of removal under the CAT, a more limited form of relief than withholding of removal. *Id.* DHS appealed the IJ's August 2019 order, which remains pending with the BIA. *See* ECF No. 12.

As to bond hearings, Petitioner withdrew his first request for a bond hearing on August 4, 2017. ECF No. 9-1 ¶ 29. Then, on January 24, 2018, Petitioner waived his right to a bond hearing because Petitioner had an outstanding state warrant. *Id.* ¶ 32. However, on April 11, 2019, Petitioner moved the IJ for a bond hearing. ECF No. 1-2, Ex. I. Petitioner argued that, at the hearing, the government must bear the burden of "justifying his continued detention by proving by clear and convincing evidence that he either poses a danger to the community or a flight risk such that no amount of bond can ensure his appearance." *Id.* at 2. Petitioner also argued that the IJ

3

must consider the length of his immigration detention thus far.  *Id.*  The IJ held a bond hearing on

May 1, 2019, at which the IJ explicitly declined to apply the burden of proof requested by

Petitioner and ultimately denied bond.  *See* ECF No 1-2, Exs. J, K.  Petitioner appealed, and the

BIA affirmed.  *Id.*, Ex. L.[2]  Petitioner currently remains in ICE detention at the Mesa Verde

Detention Facility in Bakersfield, California.[3]

On March 29, 2020, Petitioner filed the instant petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner asserts two claims for relief: that the conditions of his

confinement, which he alleges heighten his risk of exposure to COVID-19, violate his substantive

due process rights under the Fifth Amendment, Pet. ¶¶ 122–26; and that Petitioner's prolonged

detention without a constitutionally compliant bond hearing violates his procedural due process

rights under the Fifth Amendment, *id.* ¶¶ 127–130.  In relevant part, Petitioner requests that the

Court order Petitioner released, or in the alternative, that the Court order a "constitutionally

compliant" bond hearing within 7 days of the Court's order.  *Id.* at 41–42.

On March 30, 2020, Petitioner filed a motion for a temporary restraining order ("TRO")

seeking immediate release, or, alternatively, to "secure his immediate release pending a

constitutionally compliant bond hearing."  See ECF No. 3-1 ("TRO Mot.").

On April 2, 2020, Respondents filed an opposition to Petitioner's TRO motion.  ECF No. 9

("Opp'n").  While Respondents style their opposition as an opposition to Petitioner's motion for a

TRO, Respondents also respond substantively to Petitioner's claims for relief in his petition.

---

[2] As a result, the Court finds that any prudential administrative exhaustion requirement has been satisfied.  *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (discussing prudential administrative exhaustion requirement).

[3] The Court notes that, ordinarily, jurisdiction for a § 2241 habeas corpus petition challenging "present physical confinement" must be filed in the district where the petitioner is confined: here, the Eastern District of California.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).  However, these rules most likely approximate personal jurisdiction, and thus can be waived by the government on behalf of the immediate custodian.  *Id.* at 452 (Kennedy, J., concurring).  Here, Respondents did not make a limited appearance but instead stipulated to respond on the merits to Petitioner's motion for a TRO.  *See* ECF No. 5.  Thus, the Court deems any personal jurisdiction issue in the instant petition to have been waived.

4

Accordingly, the Court construes Respondent's filing as an opposition to the petition itself.[4]  In their opposition, Respondents also raise a number of objections to declarations submitted by Petitioner.  Opp'n at 9–11.  Because the Court does not rely on any of these declarations in the instant Order, the Court OVERRULES Respondents' objections as moot.

Finally, on April 3, 2020, Petitioner filed a Reply.  ECF No. 10 ("Reply").  The Court currently has before it both Petitioner's habeas petition and his motion for temporary restraining order.

## II.    DISCUSSION

28 U.S.C. § 2241(c)(3) allows a district court to grant a writ of habeas corpus for an individual "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  In the instant habeas petition, Petitioner asserts two separate constitutional claims.  First, Petitioner argues that the conditions of his confinement, which allegedly heighten his risk of exposure to COVID-19, violate his substantive due process rights under the Fifth Amendment. Pet. ¶¶ 122–26.  Second, Petitioner argues that his prolonged detention without a constitutionally compliant bond hearing violates his procedural due process rights under the Fifth Amendment. *Id.* ¶¶ 127–130.

As to Petitioner's first claim that the COVID-19 pandemic renders his detention unconstitutional, Petitioner, who is 29 years old, states that "[d]etained individuals, such as [Petitioner], face an extremely elevated risk of contracting COVID-19 and spreading the virus to others.  Experts have previously warned that in the enclosed environment of a prison or detention facility 'both those incarcerated and those who watch over them are at risk for airborne infections.'" *See* Pet. ¶¶ 40–60.  Because the Court finds Petitioner is eligible for relief on his second claim under procedural due process, the Court need not address Petitioner's first claim.

Instead, the Court first sets forth below the statutory framework governing immigration

---

[4] Moreover, the Court need not order a response before granting a § 2241 habeas petition.  See 28 U.S.C. § 2243 (stating that a court shall "forthwith award the writ *or* issue an order directing respondents to show cause why the writ should not be granted" (emphasis added)).

5

United States District Court
Northern District of California

1  detention before turning to Petitioner's second claim pursuant to the procedural due process clause

2  of the Fifth Amendment.

3  **A.  Statutory Framework**

4  Several different provisions of the Immigration and Nationality Act confer the government

5  the authority to detain noncitizens during immigration proceedings.  *See* 8 U.S.C. §§ 1225(b),

6  1226(a), 1226(c), 1231(a).  The applicable "statutes apply at different stages of an alien's

7  detention." *Diouf v. Mukasey*, 542 F.3d 1222, 1228 (9th Cir. 2008).  Moreover, "[w]here an alien

8  falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as

9  well as the kind of review process available to him if he wishes to contest the necessity of his

10  detention."  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

11  In the instant case, there is no dispute that Petitioner is currently detained pursuant to 8

12  U.S.C. § 1226(a).  *See* Opp'n at 19.  This provision "authorizes the Attorney General to arrest and

13  detain an alien 'pending a decision on whether the alien is to be removed from the United States.'"

14  *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018).  Detention pursuant to Section 1226(a) is

15  discretionary in nature; indeed, under 8 U.S.C. § 1226(a), "an alien *may be arrested and detained*

16  pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. §

17  1226(a) (emphasis added).

18  The Ninth Circuit has held that 8 U.S.C. § 1226(a) requires an initial bond hearing.  *See*

19  *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008) ("[W]e hold that §

20  1226(a) must be construed as requiring the Attorney General to provide the alien with such a

21  [bond] hearing."); *accord Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018) ("Federal regulations

22  provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

23  Furthermore, the Ninth Circuit recently reaffirmed this holding and explained that *Jennings* left

24  untouched *Casas-Castrillon*'s conclusion that initial bond hearings are statutorily mandated by 8

25  U.S.C. § 1226(a).  *See Aleman Gonzalez v. Barr*, -- F.3d --, 2020 WL 1684034, at *20 (9th Cir.

26  Apr. 7, 2020) (explaining that "[b]y its terms, *Jennings* invalidates that aspect of our case law

27

28  Case No. 20-CV-02142-LHK
   ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND
   DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

6

construing § 1226(a) [*i.e.*, the six-month bond hearing requirement subject to clear and convincing evidence], but does not go further."); *see also id.* at \*17 ("The Court's rejection of our court's imposition of a six-month bond hearing requirement for aliens detained pursuant to § 1226(a) beyond the regulations' provision of a single bond hearing at the outset of detention is not the same as rejecting a construction of § 1226(a) to authorize or require bond hearings at all."). Therefore, under Ninth Circuit caselaw, a noncitizen is entitled to an initial bond hearing once he is detained pursuant to § 1226(a).

### B. Petitioner's Procedural Due Process Claim

Neither party disputes that Petitioner is entitled to a bond hearing pursuant to 1226(a), as interpreted by the Ninth Circuit. Respondents state that, "[t]o the extent that Petitioner . . . did not receive a bond hearing in his first two years in detention, this was due entirely to his own actions," because Petitioner only requested a bond hearing on April 11, 2019 after having waived his August 9, 2017 and January 24, 2018 bond hearings. Opp'n at 20. However, Respondents do not argue that such actions waive Petitioner's right to an initial bond hearing now that Petitioner has requested one.

Instead, the parties dispute raises three questions that the Court must answer with respect to the bond hearing: (1) which side bears the burden of proof at the § 1226(a) bond hearing; (2) whether any error by the IJ or the BIA as to the burden of proof was harmless; and (3) whether the IJ is required to consider the length of Petitioner's detention at the bond hearing. Below, the Court addresses each question in turn.

### 1. The Government bears the burden of proof at a bond hearing.

In Petitioner's procedural due process claim, Petitioner argues that he has yet to receive a constitutionally compliant bond hearing because the IJ and BIA erroneously imposed the burden of proof on Petitioner at the May 1, 2019 bond hearing. Pet. ¶¶ 127–130. The Government does not argue otherwise, but merely states that the IJ and the BIA "rel[ied] on longstanding BIA precedent" in allocating "the burden on Petitioner to demonstrate that he was not a danger to the

United States District Court
Northern District of California

1    community."  Opp'n at 20.

2        Notwithstanding Respondents' failure to directly address Petitioner's argument, the Court

3    agrees with Petitioner.  In *Singh v. Holder*, the Ninth Circuit held that constitutional due process

4    required that the government bear the burden of proof at a bond hearing, and that the standard of

5    proof was "clear and convincing evidence."  638 F.3d 1196, 1203 (9th Cir. 2011).  The Ninth

6    Circuit recently affirmed that this holding remains good law.  *Aleman Gonzalez*, 2020 WL

7    1684034, at *16 ("*Jennings*'s rejection of layering such a burden onto § 1226(a) as a matter of

8    statutory construction cannot . . . undercut our constitutional due process holding in *Singh*.").

9        Accordingly, the Court confirms that, at a § 1226(a) bond hearing, "the government must

10    prove by clear and convincing evidence that an alien is a flight risk or a danger to the community

11    to justify denial of bond."  *Singh*, 638 F.3d at 1203.

12        **2. The Government has not established that the misplaced burden of proof was
            harmless.**

13

14        Respondents argue that "[e]ven if an [Immigration Court] places the burden of proof at a

15    bond hearing on the wrong party, a habeas petitioner's claim fails and is subject to dismissal if the

16    petitioner does not make a showing that a shift in burden would have changed the outcome."

17    Opp'n at 21.  Respondents further argue that Petitioner "makes no showing that a shift in burden

18    would have made any difference to the [IJ]'s findings or the BIA's affirmance."  *Id.* at 20–21.

19    Petitioner disagrees that he "must show a changed outcome to get a constitutional hearing."  Reply

20    at 13.  The Court agrees with Petitioner.

21        First, Respondents are incorrect that Petitioner must "make a showing that a shift in the

22    burden *would have changed the outcome*," which heightens the burden in a manner unwarranted

23    by precedent.  As an initial matter, district courts have not consistently required a showing of

24    prejudice.  *See Singh v. Barr*, 400 F. Supp. 3d 1005, 1019 n.8 (S.D. Cal. 2019) ("Not all courts,

25    however, seem to require a showing of prejudice.") (citing *Darko v. Sessions*, 342 F. Supp. 3d 429

26    (S.D.N.Y. 2018)).  However, the Ninth Circuit has acknowledged that "due process violations in

27    in immigration proceedings are susceptible to harmless error anaylsis."  *Prieto-Romero v. Clark*,

8

28    Case No. 20-CV-02142-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND
     DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

United States District Court
Northern District of California

534 F.3d 1053, 1066 (9th Cir. 2008) (citing *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir. 1994)). Consistent with harmless error analysis, where an IJ has misplaced the burden of proof in an immigration detention bond hearing, the Ninth Circuit has merely considered whether "the alleged due process violation *adversely affected* the IJ's determination." *Prieto-Romero*, 534 F.3d at 1067 (emphasis added). The harmless error standard does not require, as Respondents argue, that Petitioner must demonstrate that the outcome *would have changed*.

In any event, the Court does not agree that the misplaced burden of proof was harmless. The parties offered evidence both in favor of and against release on bond. For example, as Respondents argue, the IJ "found Petitioner's 'DUI convictions are dangerous and reflect the danger he poses to the community' and that his 'participation in criminal street gang activity and his participation in assaulting a law enforcement officer and a fellow detainee again demonstrate his dangerous[ness].'" Opp'n at 21 (quoting ECF No. 1-2, Ex. K). On the other hand, Petitioner raised contrary evidence. For example, Petitioner pointed to expert psychiatric testimony that he presented a "'very low' risk of reoffending if released from immigration custody." Reply at 9 (citing ECF No. 1-2 at 17). The psychiatrist further observed that Petitioner demonstrated insight into his past behavior and exhibited 'very good indications of being a safe and productive citizen' once released." Reply at 7–8 (citing ECF No. 10-1 ¶ 2). Although Respondents may again prevail at a subsequent bond hearing, the Court cannot say that Petitioner's evidence would not have "adversely affected" the IJ's determination had the correct burden of proof been applied. *See Prieto-Romero*, 534 F.3d at 1067. In light of this record, the Court cannot say that the misplaced burden—and the attendant constitutional due process violation—was "harmless."

In sum, the Court rejects Respondents' argument that Petitioner is not entitled to relief because he cannot demonstrate that the misplaced burden of proof at his May 1, 2019 bond hearing "would have changed the outcome." Opp'n at 21. Accordingly, because Petitioner has yet to receive a constitutionally compliant bond hearing, the Court agrees with Petitioner that he is now entitled to one. The Court thus GRANTS in part Petitioner's request that he be released

Case No. 20-CV-02142-LHK
ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

United States District Court
Northern District of California

1    unless Respondents schedule a bond hearing, Pet. at 42.  However, the Court grants the

2    government 30 days in which to do so as further explained below.

3        **3.  The IJ is required to consider the length of detention at a bond hearing.**

4        Petitioner asserts in his habeas petition that he is entitled to a "constitutionally compliant"

5    bond hearing, "in which the length of his detention was properly considered in the inquiry as to

6    whether or not his continued detention without bond was justified." Pet. ¶ 6.  The Court agrees

7    that, under Ninth Circuit caselaw, an IJ "must consider the length of time for which a non-citizen

8    has already been detained." *Rodriguez v. Robbins* (*Rodriguez III*), 804 F.3d 1060, 1089 (9th Cir.

9    2015), *rev'd on other grounds sub nom. Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

10       In *Rodriguez III*, the Ninth Circuit considered what, if any, procedural protections were

11   afforded to noncitizens held in immigration detention.  804 F.3d 1060.  After assessing when bond

12   hearings were required, *id.* at 1074–86, the Ninth Circuit addressed a number of related procedural

13   protections asserted by the petitioners, *id.* at 1086–89.  Specifically, the court first observed that

14   "the due process analysis changes as 'the period of . . . confinement grows.'" *Id.* (quoting *Diouf v.

15   Napolitano* (*Diouf II*), 634 F.3d 1081, 1086 (9th Cir. 2011)).  Thus, "longer detention requires

16   more robust procedural protections," and "a non-citizen detained for one or more years is entitled

17   to greater solicitude than a citizen detained for six months.'" *Id.*  Accordingly, the Ninth Circuit

18   agreed with the petitioners that an IJ "must consider the length of time for which a non-citizen has

19   already been detained." *Id.* at 1089.

20       The Court does not view the United States Supreme Court's decision in *Jennings v.

21   Rodriguez* (*Jennings*) to have impacted that holding.  Granted, *Jennings* undoubtedly reversed

22   certain aspects of *Rodriguez III*, including a number of procedural protections that the Ninth

23   Circuit had read into § 1226(a) as a matter of statutory construction.  *Jennings*, 138 S. Ct. at 847–

24   48; *Aleman Gonzalez*, 2020 WL 1684034, at *16 (considering whether certain Ninth Circuit

25   precedents were clearly irreconcilable with *Jennings*).  However, *Jennings* explicitly did not reach

26   the *constitutional* questions raised in *Rodriguez III* and thus only reversed the Ninth Circuit as a

27

28   Case No. 20-CV-02142-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND
     DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

United States District Court
Northern District of California

10

1   matter of *statutory* construction. 138 S. Ct. at 851 ("Consistent with our role as a 'court of review,

2   not of first view,' we do not reach [Respondents' constitutional] arguments.")). Thus, even

3   though *Jennings* held that § 1226(a)'s text does not even "hint that the length of detention prior to

4   a bond hearing must specifically be considered in determining whether the alien should be

5   released," *id.* at 848, this holding is clearly a matter of statutory construction, rather than of

6   constitutional law.

7        Accordingly, the Court finds that the United States Supreme Court in *Jennings* left intact

8   the Ninth Circuit's *Rodriguez III* holding that an IJ must consider the length of time an individual

9   has been detained. For this holding, the Ninth Circuit in *Rodriguez III* relied on constitutional

10   "due process analysis." 804 F.3d at 1089. Thus, although *Jennings* observed that the language of

11   1221(a) contained no "hint" in its text to require an IJ to consider the length of detention, 138 S.

12   Ct. at 848, *Jennings* did not address this requirement as matter of constitutional interpretation.

13        By contrast, the Ninth Circuit's conclusion in *Rodriguez III* that prolonged detention

14   required "bond hearings at which the government bears the burden of proving by clear and

15   convincing evidence that the class member is a danger to the community or a flight risk" was

16   based on the constitutional avoidance canon of statutory construction. 804 F.3d at 1074. At the

17   very least, because *Jennings* merely reversed the Ninth Circuit on the application of the

18   constitutional avoidance canon of statutory construction, the Court cannot say that *Jennings* is

19   "clearly irreconcilable" with *Rodriguez III*'s holding that IJ's must consider the length of

20   detention, which was not based on the constitutional avoidance canon of statutory construction.

21   *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

22        In fact, the Ninth Circuit's recent decision in *Aleman Gonzalez* supports this Court's

23   conclusion. *Aleman Gonzalez* acknowledged that the United States Supreme Court rejected

24   "'layer[ing]' onto § 1226(a)" the requirement that an IJ consider the length of detention because

25   the requirement is not in the statutory text. *Id.* at *11 n.5. However, the Ninth Circuit in *Aleman*

26   *Gonzalez* declined to consider whether the requirement that an IJ consider the length of detention

27

28   
Case No. 20-CV-02142-LHK
ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

United States District Court
Northern District of California

United States District Court
Northern District of California

1   based on constitutional due process analysis survived *Jennings* because that issue was not raised in

2   *Aleman Gonzalez. Id.* Moreover, the Ninth Circuit in *Aleman Gonzalez* read *Jennings* narrowly

3   and found that *Jennings* was not "clearly irreconcilable" with a number of Ninth Circuit

4   precedents on the topic of bond hearings for individuals in immigration detention. 2020 WL

5   1684034. For example, *Aleman Gonzalez* held that *Singh*'s ruling setting forth the burden of proof

6   at a bond hearing was left unscathed by *Jennings* because the *Singh* holding was based on

7   constitutional due process, not statutory construction. *Id.* at *16 (discussing *Singh*, 638 F.3d at

8   1203). So too here. Insofar as *Rodriguez III* found constitutional due process to require an IJ's

9   consideration of a noncitizen's length of detention, that holding remains binding on this Court.

10      Accordingly, the Court holds that, at Petitioner's bond hearing, the IJ "must consider the

11   length of time for which a non-citizen has already been detained." *Rodriguez III*, 804 F.3d at

12   1089. However, in the instant case the IJ may also consider the facts that Petitioner withdrew his

13   request for a bond hearing on August 4, 2017 and waived his right to a bond hearing on January

14   24, 2018 because Petitioner had an outstanding state warrant. *See* ECF No. 9-1 ¶¶ 29, 32.

15   **III.    CONCLUSION**

16      For the foregoing reasons, the Court finds that Petitioner is entitled to a constitutionally

17   compliant bond hearing. Therefore, the Court GRANTS in part Petitioner's request for a bond

18   hearing. Within 30 days of this order, Respondents must provide Petitioner with a bond hearing

19   before an Immigration Judge who has the power to grant Petitioner's release on bond if

20   Respondents fail to establish "by clear and convincing evidence that [Petitioner] is a flight risk or

21   a danger to the community." *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). The

22   Immigration Judge must also consider Petitioner's length of detention when deciding whether

23   release on bond is appropriate. However, the IJ may also consider the facts that Petitioner

24   withdrew his request for a bond hearing on August 4, 2017 and waived his right to a bond hearing

25   on January 24, 2018 because Petitioner had an outstanding state warrant.

26      Because the Court lacks sufficient basis to rule on whether Petitioner is a flight risk or a

27

28
Case No. 20-CV-02142-LHK
ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

danger to the community, the Court does not find that Petitioner is entitled to immediate release from ICE custody.  Accordingly, the Court DENIES Petitioner's other forms of relief requested in his petition for writ of habeas corpus.  The Court also DENIES as moot Petitioner's TRO motion.

**IT IS SO ORDERED.**

Dated: April 17, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No. 20-CV-02142-LHK
ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER